IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANK KELLY and TODD C. RAY,    :    No.  4:CV 06-2072
as Trustees of the PLUMBERS AND    :
PIPEFITTERS LOCAL NO. 520 PENSION    :    Judge Jones
FUND and PLUMBERS AND    :
PIPEFITTERS LOCAL NO. 520    :
ANNUITY FUND,    :
    :
        Plaintiffs,    :
    :
        v.    :
    :
W.G. TOMKO, INC.,    :
        Defendant.    :

## MEMORANDUM AND ORDER

**March 22, 2007**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendant W.G. Tomko Inc.'s Motion to

Dismiss ("the Motion")(doc. 5) filed on November 15, 2006.

For the following reasons, the Motion (doc. 5) will be denied.

**PROCEDURAL HISTORY**:

On October 20, 2006, Plaintiffs Frank Kelly and Todd C. Ray, as Trustees

of the Plumbers and Pipefitters Local No. 520 Pension Fund and Plumbers and

Pipefitters Local No. 520 Annuity Fund ("Plaintiffs") filed a complaint (doc. 1)

1

against Defendant W.G. Tomko Inc. ("Defendant") in the United States Court for the Middle District of Pennsylvania. The action is brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. § 1132(a)(3) and 1145)(hereinafter "ERISA") and the Uniformed Services Employment and Reemployment Rights Act of 1994, as amended (38 U.S.C. § 4316)(hereinafter "USERRA").

On November 15, 2006, Defendant filed the instant Motion. The Motion has been fully briefed by the parties and is therefore ripe for our review.

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S.

2

41, 45-46 (1957); <u>see</u> <u>also</u> <u>District Council 47 v. Bradley</u>, 795 F.2d3 310 (3d Cir.

1986).

**FACTUAL BACKGROUND**:

The Defendant, a mechanical contractor, is a signatory to a Collective

Bargaining Agreement ("CBA") with Local Union 520.  The union receives dues

from individual members and, in exchange, provides union employment and

benefits to its members.  Pursuant to the CBA, the Defendant is obligated to

contribute to the union's Pension and Annuity Funds (collectively "Funds") for

each hour worked on behalf of its employees employed pursuant to the terms of

the CBA.

On and before December 30, 2004, Robert P. Schuler ("Schuler") was

employed by the Defendant under the terms of the CBA.  The Defendant, pursuant

to the terms of the CBA, submitted contributions to the Funds on behalf of Schuler

for all work performed on and before December 30, 2004.  Schuler received

Orders ("Activation Orders") dated December 31, 2004 from the Commonwealth

of Pennsylvania, Department of Military and Veterans Affairs, the Adjutant General,

ordering Schuler to active duty as a member of his Reserve Component Unit for a

period not to exceed 485 days.  The Activation Orders directed Schuler to report

to active duty on January 4, 2005.      Schuler notified the Defendant of his receipt

of the Activation Orders prior to his reporting to active duty on January 4, 2005.

Schuler's last day of work for Defendant prior to reporting for active duty was

December 30, 2004.

On or about June 15, 2006, Schuler received Orders ("Discharge Orders")

from the Department of the Army advising Schuler that he would be released from

active duty effective July 8, 2006.  Schuler reported back to work for the Defendant

on July 10, 2006.  Since July 10, 2006, Schuler has been employed by the

Defendant under the terms of the CBA.  Since Schuler began work on July 10,

2006, Defendant, as required by the CBA began submitted contributions to the

funds.

During the period of Schuler's activation, from December 31, 2004 through

July 9, 2006 ("Period of Activation"), the Defendant did not submit any

contributions on Schuler's behalf to the Funds.  It is the contention of Plaintiffs

that pursuant to USERRA, the Defendant was required to submit contributions on

Schuler's behalf to the Funds during Schuler's Period of Activation.

## DISCUSSION:

### I.      Standing and Jurisdiction

#### A.      ERISA Claim

As a threshold matter, we shall address the Defendant's argument that it is

4

not a real party in interest to the CBA.  It its brief, Defendant obliquely argues that "there is no indication that the Defendant became a party through execution of the Contract [CBA] inasmuch as the Contract [CBA], Exhibit 1, is not executed by the Defendant and Defendant asserts it is not bound by the terms of the Contract [CBA]."  (Rec. Doc. 8 at 14).    The Defendant also asserts that the CBA does not authorize any individual or trustee to bring a suit on behalf of the union or its members, and therefore the Plaintiffs are not appropriate parties.

The Defendant's argument that it is not a party to or bound by the terms of the CBA "inasmuch as the Contract [CBA] . . . is not executed by the Defendant" is clearly without merit.  First and foremost, if the Defendant was not bound by or not a party to the CBA then it does not logically follow that, pursuant to the same CBA, the Defendant contributed to the Funds on Schuler's behalf while Schuler was employed there.  Furthermore, as Plaintiffs submit, the Defendant has signed two Memorandums of Agreement and a Recognition/Joinder agreement, agreeing to be bound by the terms of the CBA and its successor agreement.  (Rec. Doc. 9, Ex. A, Ex. B, and Ex. C).  Accordingly, there can be no real dispute that the Defendant is bound by the CBA.

Plaintiffs bring the instant action in their capacity as trustees for the Funds. Section 1132(a)(3) of ERISA provides that:

5

**(a) Persons empowered to bring a civil action**

A civil action may be brought –

**(3)**     by a participant, beneficiary, or *fiduciary* (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief . . .

29 U.S.C. § 1132(a)(3)(emphasis added). Although the United States Court of Appeals for the Third Circuit has not directly spoken on the issue, district courts within the Third Circuit and courts of our sister circuits have held that an employee benefit plan does not have standing to sue in its own name under ERISA.  See International Assoc. of Heat and Frost Insulators & Asbestos Workers Local Union No. 42 v. South Jersey Insulation Services, Inc., 2007 U.S. Dist LEXIS 5711, *6 (D.N.J. January 26, 2007); Plumbers & Pipe Fitters Local 159 v. Nor-Cal Plumbing, 185 F.3d 978 (9th Cir. 1999)(declining to find that ERISA plan itself had standing to sue under § 502 because it is not a plan participant, beneficiary or fiduciary); Keyes Martin & Company v. Purdential Bache Sercurities, Inc., 1991 U.S. Dist. LEXIS 10573, *10-11 (D.N.J. July 29, 1991)(holding that the language of §1132(d)(1) "does not authorize suits by benefit plans and they lack standing to sue for ERISA violations"); see also United Assoc. of Plumbers and Pipefitters v. Lewis Mechanical, 2006 U.S. Dist. LEXIS 80466, *3 (S.D. Miss. October 31,

6

2006)(holding that a union cannot be a participant or beneficiary, and where it has not set forth fats sufficient to show it is a fiduciary, lacks standing under ERISA). Trustees, however are considered fiduciaries under ERISA and therefore have standing to bring suit on behalf of employee benefit plans.  See Winstead v. J.C. Penney Co., 933 F.2d 576, 579 (7th Cir. 1991)(holding that trustees of an employee benefit plan were "indisputably . . . ERISA fiduciaries" and therefore had standing to sue).  Accordingly, we find it clear that the Plaintiffs, trustees of the Funds, have standing to sue on behalf of the Funds under ERISA.

## II.    Analysis

The Defendant moves this Court to dismiss the Plaintiffs' ERISA and USERRA claims, arguing that Schuler, a union member, is not an employee of the Defendant and therefore, the Plaintiffs are barred from recovery under ERISA. Plaintiffs submit that Schuler was an employee of the Defendant pursuant to the CBA, and therefore the ERISA and USERRA claims should not be dismissed.

Section 1145 of ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.   Section 4318 of USERRA delineates the nature of the pension

benefits that a veteran employee is entitled to upon return and reemployment.

Section 4318(b)(1) provides, in pertinent part:

> An employer reemploying a person under this chapter shall, with respect to a period of service . . . be liable to an employee pension benefit plan for funding any obligation of the plan to provide . . . benefits . . . and shall allocate the amount of any employer contribution for the person in the same manner and to the same extent the allocation occurs for other employees during the period of service. . . For purposes of determining the amount of such liability and for purposes of section 515 of [ERISA] . . . service in the uniformed services that is deemed . . . to be service with the employer shall be deemed to be service with the employer under the terms of the plan or any applicable collective bargaining agreement.  In the case of a multiemployer plan, as defined in section 3(37)f of [ERISA], any liability of the plan described in this paragraph shall be allocated –
>
> > (A)    by the plan in such a manner as the sponsor maintaining the plan shall provide; or
> >
> > (B)    if the sponsor does not provide –
> >
> > > (i)    to the last employer employing the person before the period served by the person in the uniformed services, or
> > >
> > > (ii)    if such last employer is no longer functional, to hte plan.

38 U.S.C. § 4318(b)(1).

As noted by the Plaintiffs, pertinent legislative history for §4318 is found at

House Report No. 103-65.  The House Report states, in relevant part:

> Section [4318(b)(1)] is intended to provide a pension plan with a claim

against the employer for amounts that may be required to fund obligations arising under this section.  In the case of a multiemployer plan, this provision would enable the plan to pursue its existing remedies under section 515 of [ERISA], 29 U.S.C. § 1145, for failure to make the required contributions, in the event that neither the plan nor the collective bargaining agreement pursuant to which the plan is maintained provides for any such funding obligations.

H.R. 103-65 at 36.

It is clear from a reading of these statutes and corresponding legislative history, that the merits of Plaintiffs' claims depends on a singular issue: whether the Defendant is considered an "employer" for purposes of ERISA and USERRA.  As directed by §4318(b)(1) of USERRA, whether the Defendant is an "employer" depends upon the applicable CBA.

We find that the terms of the CBAs do not support the Defendant's assertion that it was not Schuler's employer.   The very language of the CBAs defines the Defendant as an employer:

2.    WHEREAS, the Employer is engaged in the plumbing and pipe fitting industry throughout Central Pennsylvania, and is known as a "MECHANICAL CONTRACTOR" in the industry and in the performance of such work requires the services of competent, skilled and qualified journeymen and apprentices; and

3.    WHEREAS, the Union is affiliated with the American Federation of Labor Congress of Industrial Organizations and has in its membership competent, skilled and qualified journeymen and apprentices to perform all work coming within its trade and craft jurisdiction; and

9

4.       WHEREAS, the Employer and the Union desire to mutually
         establish and stabilize wages, hours, and working conditions for
         journeymen and apprentices *employed with said Employer . . .*"
         (emphasis added)

After reviewing the CBA language, the Defendant's argument that the Union is

Schuler's actual employer flies in the face of the CBA and is clearly not availing.

It is apparent to the Court that the Plaintiffs have stated a claim upon which

relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and accordingly we shall

deny the instant Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.       The Defendant's Motion to Dismiss (doc. 5) is DENIED.


                              s/ John E. Jones III
                              John E. Jones III
                              United States District Judge

10